[No. 13805.   Department One. — December 1, 1890.]

PATRICK M. DALY et al., Appellants, v. JAMES C. PENNIE, Administrator, etc., et al., Respondents.

Estates of Deceased Persons — Judgments — Equity.— If a decree of final distribution is erroneous as to the law or the facts, the remedy is by appeal.   Such error is not ground for relief in equity against the decree.

Id.—Mistake of Attorney's Clerk. — The fact that the right of appeal was lost by the inadvertence of the clerk of the plaintiff's attorney in failing to file an undertaking on appeal in proper time is not a ground for relief in equity.

Estates of Deceased Persons — Decree of Final Distribution — Notice — Pleading — Presumption. — The statute does not require personal notice to be given of the application for final distribution; and if the complaint does not allege that the notice required by law was not given, it will be presumed that it was given.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Henry E. Wills,* and *John F. Burris,* for Appellants.

*A. H. Loughborough,* for Respondents.

Hayne, C. — The defendants had final judgment upon demurrer to the second amended complaint, and the plaintiffs appeal. The material facts shown by the pleading are as follows:—

Anna J. Skerrett died in London, England, being a

resident of said place at the time of her death, and leav-
ing a will.  This will was proved in an English court,
and an administrator with the will annexed appointed
there.  A duly authenticated copy was filed in the
probate court of San Francisco, and the defendant
Pennie was appointed administrator with the will
annexed here.  In due course, the San Francisco court
made a decree of settlement of the final account of its
administrator, and of final distribution of the property
remaining in his hands.  This decree recited, among
other things, that there were unpaid creditors in Eng-
land, whose claims had not been presented here; that the
estate in England was not sufficient to pay such claims,
and that all the legatees and devisees resided in England,
except one, whose legacy had lapsed, and another, who
had received his share, and contained a provision that the
sum remaining in the hands of the administrator here
should be delivered to the administrator in England.
(See Code Civ. Proc., sec. 1867.)  The plaintiffs are the
successors in interest of certain heirs at law, and the suit
is for an injunction to restrain the defendants from obey-
ing the decree of distribution, and for a review thereof,
and for a decree of distribution in accordance with the
plaintiffs' views of what is proper under the circum-
stances.

The main ground upon which relief is sought is, that
the decree of distribution is erroneous both as to the law
and as to the facts; that the bequests were void under
the law of this state and of England; and that, upon a
proper construction of the will, the persons to whose in-
terests the plaintiffs succeeded would be entitled to
portions of the estate.

But an appeal from the decree is provided by the
statute (Code Civ. Proc., sec. 963), and on such appeal
the whole decree can be reviewed.  If it be erroneous,
either as to the law or the facts, the remedy is by appeal.
Mere error is not a ground for relief in equity.

It is alleged, however, that an appeal was taken, but that " the clerk having charge of such matters in the office of the plaintiffs' attorneys inadvertently omitted to file an undertaking on appeal within the time required by law, and said appeal was for that reason dismissed by the supreme court without hearing the merits thereof." This is not a ground for relief in equity. (*Barnett* v. *Kilbourne*, 3 Cal. 327.)

It is further alleged that the plaintiffs' assignors "*received* no notice of said proceeding, and did not appear therein." But the statute does not require that personal notice should be given. (Code Civ. Proc., secs. 1633, 1634.) And it is not alleged that the notice which is required was not given. (*In re Griffith*, 84 Cal. 109.)

The other matters do not require special notice.

We therefore advise that the judgment be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

Hearing in Bank denied.