[S. F. No. 178.   In Bank.—March 26, 1897.]

# THE WILLIAM HILL COMPANY, Appellant, *v.* JOHN LAWLER, Respondent.

Estates of Deceased Persons — Distribution — Proceeding in Rem — Conclusiveness of Action of Court.—The distribution of the estate of a deceased person is a proceeding *in rem*, and every person who may assert any right or interest therein is required to present his claim to the court for its determination, and the action of the court in making the distribution binds the whole world, and is equally conclusive upon every claimant, whether his claim is presented, or whether he fails to appear, subject only to be reversed, set aside, or modified upon appeal, and its decree cannot be collaterally attacked for any error committed therein.

Appeal from a judgment of the Superior Court of Sonoma County and from an order denying a new trial. S. K. Dougherty, Judge.

The facts are stated in the opinion of the court.

*Lyman Green, T. J. Geary,* and *A. B. Ware,* for Appellant.

The probate court had jurisdiction to determine at the time of distribution the interest of any person in the estate, and to distribute it or make partition of it accordingly. (Code Civ. Proc., secs. 1634, 1664, 1665, 1678, 1704; *Estate of Oxarart,* 78 Cal. 109.) Proceedings in the probate court are in the nature of proceedings *in rem,* and the judgment *in rem* binds the *res* in the absence of any personal notice to the parties. The parties in interest in such cases are deemed parties to the suit without personal notice. (*Kearney* v. *Kearney,* 72 Cal. 592; Freeman on Judgments, 506, 507.) The decree of distribution is conclusive in all things recited therein, even of a jurisdictional fact, and such recital cannot be contradicted collaterally. (Freeman on Judgments, 130, 132, 133; *McClellan* v. *Downey,* 63 Cal. 522; *Estate of Sbarboro,* 70 Cal. 149; *Ex parte Sternes,* 77 Cal. 156; 11 Am. St. Rep. 251; *Ex parte Ah Men,* 77 Cal. 201; 11 Am. St. Rep. 263; *Hahn* v. *Kelly,* 34 Cal. 395, 430; 94 Am. Dec.

742; *Riely* v. *Lancaster*, 39 Cal. 354.) If the notice required by the statute was given, the decree of the probate court binds everybody, whether they had actual notice or not, except when it is otherwise expressly provided. (*In re Griffith*, 84 Cal. 109, 113.) If a decree of distribution is erroneous as to law or facts, the remedy is by appeal. (*Daly* v. *Pennie,* 86 Cal. 552; 21 Am. St. Rep. 61.)

*J. C. Sims*, for Respondent.

The defendant had no notice of the probate proceedings, and the probate court had no jurisdiction to determine the title to the land in question. (*Theller* v. *Such*, 57 Cal. 447; *Bath* v. *Valdez,* 70 Cal. 360.) The probate court should not be compelled to pass upon issues or rights of parties not before it. A judgment is not conclusive as to collateral matters outside of the issues. (*King* v. *Chase,* 15 N. H. 9; 41 Am. Dec. 675; *Garwood* v. *Garwood,* 29 Cal. 521; *Meredith* v. *Santa Clara etc. Assn.,* 56 Cal. 178.) In rendering ordinary decrees of distribution, probate courts deal only with parties and issues legitimately before them. (*Chever* v. *Ching Hong Poy,* 82 Cal. 71; *Richardson* v. *Loupe,* 80 Cal. 490.) The probate court has no jurisdiction to determine a controversy between an heir or devisee or third party claiming from them, and not claiming as heir or devisee. (*Farnham* v. *Thompson,* 34 Minn. 336; 57 Am. Rep. 59; *Dobberstein* v. *Murphy,* 44 Minn. 526.)

HARRISON, J.—Patrick Lawler died September 9, 1887, leaving him surviving a widow and certain children, and also leaving a last will and testament, which was admitted to probate by the superior court of Sonoma county October 25, 1887. In his will he appointed his widow, Bridget, and his son, Patrick, executors thereof, and declared that his entire estate was community property, and recognized and confirmed the right of his surviving widow to one-half thereof, and gave the remaining half to his two sons, James and Patrick. December 21,

1887, his widow conveyed by deed of gift to her son, John, the respondent herein, "all her undivided one-half interest in a tract" containing about one hundred and forty-four acres of land, a portion of the estate of her deceased husband.  May 20, 1889, the executors presented to the superior court for settlement the final report and account of their administration of said estate, and at the same time a petition for the final distribution of the estate was presented to the court.   The court appointed June 18th as a day for the hearing thereof, of which proper notice was given, and, on said day, made its order settling the account and distributing the estate. In the decree of distribution the tract of land that had been conveyed by Bridget to the respondent was distributed to Patrick and James, and other portions of the estate were distributed in severalty to Bridget, while some portion of the estate was distributed in undivided interests to the three.   The plaintiff herein, having succeeded to the interest of James and Patrick in the tract which was distributed to them as above stated, brought this action against the respondent to quiet its title thereto.   The superior court rendered judgment quieting its title to the extent of an undivided half interest therein.   From this judgment and an order denying a new trial the plaintiff has appealed, claiming that the court erred in refusing to quiet its title to the entire tract.

By filing the petition for the distribution of the estate, and giving the notice required by section 1665 of the Code of Civil Procedure, the superior court acquired jurisdiction to distribute the estate " among the persons who by law were entitled thereto."   The " distribution " of an estate includes the determination of the persons who by law are entitled thereto, and also the " proportions or parts " to which each of these persons is entitled; and the " parts " of the estate so distributed may be segregated or undivided portions of the estate.   It is declared in section 1666 that " in the order or decree the court must name the persons and the proportions

or parts to which each shall be entitled," and also: " Such order or decree is conclusive as to the rights of heirs, legatees, or devisees, subject only to be reversed, set aside, or modified on appeal." A proceeding for distribution is in the nature of a proceeding *in rem*, the *res* being the estate which is in the hands of the executor under the control of the court, and which he brings before the court for the purpose of receiving directions as to its final disposition. By giving the notice directed by the statute the entire world is called before the court, and the court acquires jurisdiction over all persons for the purpose of determining their rights to any portion of the estate; and every person who may assert any right or interest therein is required to present his claim to the court for its determination. Whether he appear and present his claim, or fail to appear, the action of the court is equally conclusive upon him, " subject only to be reversed, set aside, or modified on appeal." The decree is as binding upon him if he fail to appear and present his claim, as if his claim after presentation had been disallowed by the court. (*Estate of Griffith*, 84 Cal. 107; *Daly* v. *Pennie*, 86 Cal. 552; 21 Am. St. Rep. 61.) The grantee of an heir or devisee, or any person who claims under an heir or devisee, is bound by the decree as fully as would be the heir or devisee himself if he had not made the conveyance. Section 1678 pro- vides: " Partition or distribution of the real estate may be made as provided in this chapter, although some of the original heirs, legatees, or devisees may have con- veyed their shares to other persons, and such shares must be assigned to the person holding the same in the same manner as they otherwise would have been to such heirs, legatees, or devisees." The provisions of this section extend to the distribution as well as to the partition which is provided in that *chapter*, and render the decree as conclusive upon those to whom the heirs have conveyed the estate as it " otherwise would have been upon such heirs, legatees, or devisees," and the de- cree is equally conclusive whether the estate is distrib-

uted to the persons in segregated parts or in undivided proportions.

What was decided in *Chever* v. *Ching Hong Poy*, 82 Cal. 68, was that distribution to the heir of certain property which he had conveyed pending administration did not preclude his grantee from claiming the property as against him; that by virtue of his conveyance he was estopped from claiming the property under the distribution, as against his grantee. In that case it appeared that the grantee of the heir was not before the court when the distribution was made, and there was no issue upon her right to have the property distributed to her. In *Estate of Vaughn*, 92 Cal. 192, it was held that the grantee of the heirs was entitled to have the estate distributed to him, and the order of the superior court making a distribution to the heirs in opposition to his petition was reversed. This was a direct appeal from the order of distribution, and as the superior court had manifestly disregarded the provisions of section 1678, its order was reversed. Whether the title of the grantee would have been affected by the distribution to the heirs if no appeal had been taken from the decree was not considered by the court, but there is nothing in the case which lends countenance to the proposition that the decree could be collaterally attacked. The averments in the petition that the heirs had conveyed the estate to the petitioner were not controverted, and there was no issue presented thereon for the determination of the court. If the heirs had taken issue upon these averments the superior court would have been required to determine that issue, and its decision thereon would have been conclusive upon the petitioner as well as upon the heirs, " subject only to be reversed, set aside, or modified on appeal." In *Estate of Burdick*, 112 Cal. 387, it was determined by this court after mature consideration that the surviving widow takes her share of the community property by " succession " from the husband, and it consequently follows that a conveyance by her of her interest in any portion

of the estate, pending administration and before distribution, has no greater effect than would a similar conveyance by any other heir.

The decree of the superior court made on the 18th of June, 1889, was a determination by that tribunal, in a matter wherein it had jurisdiction of the subject matter and of all persons who might make any claim thereto, that Patrick and James Lawler were entitled to the property in question. As no appeal was taken from this decree, it became conclusive upon Bridget Lawler and upon her grantee, the respondent herein. The question of an estoppel by virtue of her grant does not arise in the present case, as the property distributed to her is not the same as that which she had conveyed to the respondent.

The court did not err in refusing to admit in evidence or to consider the agreement between Bridget, James, and Patrick, which was presented to the superior court at the time of distribution. This agreement was only evidence offered to that court for determining the distribution which it should make, and if error was committed by that court, either in receiving or considering this evidence, such error could have been reviewed upon an appeal from the decree of distribution, but cannot be made the basis of a collateral attack upon that decree.

The judgment and order are reversed.

TEMPLE, J., GAROUTTE, J., VAN FLEET, J., HENSHAW, J., and McFARLAND, J., concurred.