[L. A. No. 349.   Department Two.—December 17, 1897.]

## NATHAN GOLDTREE et al., Appellants, v. JANE ALLISON et al., Respondents.

TRUST UNDER WILL—ESTATES OF DECEASED PERSONS—DECREE OF DISTRIBU-
TION TO TRUSTEES—DETERMINATION OF VALIDITY OF TRUST—RES ADJUDI-
CATA—CREDITOR'S BILL.—Where the estate of a deceased person is dis-
tributed to the trustees appointed under the will, the decree of dis-
tribution is an adjudication of the validity of the trust, and of the
title of the trustees to take under the will; and where such de-
cree has become final by failure to appeal therefrom, the title of the
trustees and the validity of the trust cannot be assailed upon a
creditor's bill filed to subject to execution the property of a bene-
ficiary of the trust, to whom the trustees were to pay a portion of
the income of the estate during his life, as it should be received
by them.

APPEAL from a judgment of the Superior Court of San
Luis Obispo County.   V. A. Gregg, Judge.

The facts are stated in the opinion of the court.

Graves & Graves, J. W. Wilcoxon, and Edward P. Cole, for
Appellant.

Myrick & Deering, J. C. Webster, G. & A. Webster, and Wm.
Shipsey, for Respondents.

TEMPLE, J.—This is a creditor's bill, in which it is sought
to subject certain property to the satisfaction of plaintiff's exe-
cution against John Thompson.   A general demurrer to the
complaint was sustained, and the plaintiff, having declined to
amend, appeals from the judgment entered.

Besides showing plaintiff's judgment and execution, the com-
plaint contains allegations showing that Jonathan Thompson
died in the county of San Luis Obispo in 1875 testate, and that
by his will he devised certain property in trust.   The trust is
set out in the complaint.   As to John Thompson, plaintiff's
debtor, the language of the will is, after naming the trustees:
"I devise and give to them upon trust all my property to invest
the same and all accumulations thereof, and to divide and pay
the income thereof as it is received, viz: . . . . one-fourth to

John Thompson for life, remainder over in trust to his children, equally, who shall attain twenty-one years of age or marry."

The will was probated, and in 1877 the estate was distributed to the trustees in accordance with the terms of the will, and is now held by them.   The demurrer was sustained, on the ground that the decree is *res adjudicata*.

All the questions raised on the appeal have been considered and determined in the case of *Crew v. Pratt, ante*, p. 131.   The estate of Pratt was distributed in 1894, while the decree of distribution in the estate of Thompson was made in 1877, before the present constitution was adopted.

The learned counsel for the appellants contend, if I rightly apprehend their argument, that, as provided in section 1911 of the Code of Civil Procedure, that is only to be deemed adjudged in a judgment which appears on its face to have been so adjudged, "or which was actually or necessarily included therein or necessary thereto," and that the only fact in issue upon the application for a distribution in the probate court was, Were the persons named in the will the persons petitioning?   They contend that no issue having been raised in the probate court as to the validity of the trust, the matter was not then determined, but was left open to be construed by a court of equity.   As authority for this proposition they cite *Golson v. Dunlop*, 73 Cal. 165; *In re Vaughn*, 92 Cal. 193; *Lillis v. Emigrant Ditch Co.*, 95 Cal. 553, and other cases.

Those cases are not in point.   The code requires the court to distribute the residue of the estate left after full administration to the persons who by law are entitled thereto, and to name the persons entitled and the proportions or parts to which each shall be entitled.

Trustees appointed in a will to take property under a trust which by our law is void are not persons who are by law entitled to receive any portion of the estate.   If the trust which the testator has attempted to create is void, the property which the will so disposes of must be distributed otherwise.   To determine who the persons are who are entitled to the estate, and their proportionate parts, the court must pass upon the validity of the disposition attempted by the testator.   It may thus be found that as to some portion of the estate the testator has died in-

testate. In such cases the heirs must be determined. This was held to be within the province of the probate court prior to the present constitution. In *Estate of Hinckley,* 58 Cal. 457, it was said: "It is under our system the necessary province of a probate court to inquire whether a valid trust has been created." And further, "It is within the province of the probate court to define the rights of all who have legally or equitably any interest in the property of the estate derived from the will, whether they are entitled to any present enjoyment or their interests are contingent." Hinckley died in 1877.

It must often become necessary for the probate court to construe the terms of a will in order to determine who are entitled to the estate, and to ascertain the interest to which they are entitled. Sometimes the court makes the distribution in the language of the will, but where there is any doubt as to the persons entitled, or as to the extent or nature of the estate or interest given by the terms of the will, the probate court not only may, but should, construe the will and define the interest given to each devisee. (See on this subject *Crew v. Pratt, supra.*)

The determination of the question as to the validity of the trust was, therefore, necessary to the decree of distribution.

The judgment is affirmed.

Henshaw, J., and McFarland, J., concurred.