[S. F. No. 754. Department One.—January 11, 1898.]

In the Matter of the Trust of JULIUS A. TRESCONY et al., Trustees for the benefit of Anita Christal and Leo Albert Christal, Minors. ANITA CHRISTAL et al., Appellants, v. JULIUS A. TRESCONY et al., Trustee, etc., Respondents.

ESTATES OF DECEASED PERSONS—TRUSTS UNDER WILL—CONCLUSIVENESS OF DECREE OF DISTRIBUTION—COLLATERAL ATTACK—VALIDITY OF TRUSTS—SETTLEMENT OF ACCOUNTS OF TRUSTEES.—A decree of distribution to trustees named in the will is a judicial construction of the will, and is a determination of the rights of all parties interested in the estate, and is a measure of their rights, and the will can no longer be considered except upon a direct appeal from the decree, and, though erroneous, if it is unappealed from, the decree is conclusive upon all persons interested in the estate; and minor beneficiaries of the trust, whose rights were limited by the decree to one-third of the estate, the other two-thirds having been distributed to other beneficiaries under trusts, the validity of which was determined by the decree of distribution, cannot attack such other trusts collaterally upon a settlement of the accounts of the trustees, upon the ground that they were void as being in restraint of alienation, and that the trustees should account for the whole estate for the benefit of the minors.

ID.—PARTITION OF LAND HELD IN TRUST—CONCLUSIVENESS OF DECREE—ACCOUNTS OF TRUSTEES.—A decree of partition of the land in which the trustees held an undivided interest in trust, in an action in which

the court had jurisdiction of all the parties interested in the land, allotting different portions of it in severalty to the several parties before it, is a determination of the rights of the parties, which became conclusive of their rights, where no appeal was taken therefrom; and accounts of the trustees embracing all of the land allotted to them by such decree in trust for the beneficiaries represented by them, cannot be objected to as not embracing the whole of the trust estate.

APPEAL from an order of the Superior Court of Monterey County settling the accounts of trustees.  N. A. Dorn, Judge.

The facts are stated in the opinion of the court.

Pierson & Mitchell, for Appellants.

G. A. Daugherty, J. K. Alexander, and S. F. Leib, for Respondents.

HARRISON, J.—Albert Trescony by his last will and testament disposed of his estate to various devisees, and on April 2, 1894, at the close of the administration of his estate, a decree of distribution was made distributing the estate in accordance with the terms of the will.  By this decree one-third of the estate was distributed to the respondents herein, as trustees, upon certain trusts expressed therein, for the appellants, who are two minor children of a deceased daughter of the testator; and the other two-thirds of the estate were distributed to other beneficiaries under the will.  After the entry of this decree of distribution certain distributees commenced an action against the others, including the respondents and the appellants, in the superior court of the county of Monterey, for the partition of the real estate according to their respective rights, and in that action an interlocutory decree was entered November 26, 1894, determining the rights of the respective parties in the land, and directing partition in accordance therewith, and appointing referees to make such partition.  August 24, 1895, the referees filed with the court a report of their proceedings for such partition, and the court thereafter, August 28, 1895, confirmed their report, and on the same day made and entered its decree partitioning the land in accordance therewith.  By this decree certain specific portions of the land were allotted and set apart in severalty to the respondents herein, as trustees, for the use and benefit of the appellants,

upon the trusts which were named in the will of the decedent; and other specific portions of the land were allotted to the other parties to the action. November 9, 1895, the respondents filed with the superior court for its approval and allowance an account of their management of the trust property, and at the hearing thereof, on the day fixed by the court, objection to its allowance was filed on behalf of the appellants, on the ground that the account purports to account for only one-third of the estate of the testator, whereas, under his last will and testament and the decree of distribution, the respondents took the entire estate of the testator as trustees for the benefit of the appellants; the argument in support of the objection being that the trusts created by the will for the other two-thirds of the estate are void, as being in restraint of alienation, and therefore the appellants became entitled to the whole of the estate, and the trustees should account therefor. The court overruled the objections, and made its order settling the account as presented, from which the minors have appealed.

The decree of distribution was a judicial construction of the will of the decedent, and a determination by the court as well of the persons who were entitled to his estate, as of the proportions or parts to which each of those persons were entitled, and was "conclusive as to the rights of heirs, legatees, or devisees, subject only to be reversed, set aside, or modified on appeal." (Code Civ. Proc., sec. 1666.) The will of the testator was evidence before the court when it was called upon to determine how the estate should be distributed, but upon the entry of the decree of distribution that decree became the measure of the rights of the parties interested in the estate, and the will was entitled to no further consideration for that purpose, except upon a direct appeal from that decree. If, in making the decree, the court erred, either in matter of fact or in the application of the law to the facts before it, the decree, unless appealed from, was a conclusive determination of the matters determined, and is not subject to collateral attack. (*Estate of Hinckley*, 58 Cal. 518; *Daly v. Pennie*, 86 Cal. 552; 21 Am. St. Rep. 61; *William Hill Co. v. Lawler*, 116 Cal. 359; *Crew v. Pratt*, ante, p. 131, *Goldtree v. Allison*, ante, p. 344; *Goad v. Montgomery*, ante, p. 552.) As no appeal was taken from the decree of distribution in the estate

of Albert Trescony, that decree became conclusive as to the rights of the parties to the estate distributed. Even if it be conceded that the trusts created by the will were in restraint of alienation, contrary to the provisions of the statutes upon that subject, the decree of distribution is not for that reason to be disregarded. (*Daly v. Pennie, supra; Crew v. Pratt, supra.*)

In the proceedings for a partition of this land, subsequently brought in the superior court, that court had jurisdiction of all the parties claiming an interest therein, and its judgment, allotting different portions of the land in severalty to the several parties before it, was also a determination of the rights of those parties to any portion of the tract, and, no appeal having been taken from this judgment, it also became conclusive of their rights. As it is not claimed that the account rendered by the respondents does not embrace all the estate allotted by this decree to them in trust for the appellants, the objections to the account were properly overruled by the court.

The order is affirmed.

Garoutte, J., and Van Fleet, J., concurred.