[S. F. No. 678.  Department One.—February 12, 1898.]

JOHN E. JEWELL et al., Appellants, v. MARY J. PIERCE et al., Respondents.

ESTATES OF DECEASED PERSONS—CONSTRUCTION OF WILL—DECREE OF DISTRIBUTION CONCLUSIVE—MERGER OF WILL.—A decree of distribution of property under a will involves a judicial construction thereof, and, if not appealed from, is conclusive as to the effect of the will, the provisions of which were merged in the decree, and as to the rights of all heirs, devisees, and legatees claiming any portion of the estate, and they can no longer contend for any different construction of the will from that imported by the terms of the decree.

ID.—DEVISE IN FEE TO GRANDSON—CONTINGENT DEVISE TO HEIRS OF TESTATRIX —DEATH OF GRANDSON WITHOUT ISSUE—CONSTRUCTION FIXED BY DECREE.— Whether a construction might be given to a will devising lands in fee to a grandson, followed by a contingent devise thereof to the heirs of the testatrix, in the event of the grandson "dying without leaving lawful issue him surviving," so as to refer those words solely to the death of the grandson in the lifetime of the testatrix, cannot be considered or decided, where the decree of distribution distributes the estate to "said grandson, his heirs and assigns forever, and, in event of the death of the said" grandson, "leaving no lawful issue him surviving, then all the property, real and personal, herein distributed to the heirs of the said deceased" testatrix, thereby judicially construing the will as devising to the grandson an estate in fee defeasible upon the contingency of his dying at any time without

leaving any lawful issue surviving him, with a remainder in fee to the heirs of the testatrix limited upon this contingency.

ID.—CONDITIONAL LIMITATION—EXECUTORY DEVISE—CONTINGENT REMAINDER—COMMON LAW—CODE PROVISIONS.—At common law, such a disposition of property by will would be termed a conditional limitation by way of an executory devise, but under the system prevailing in this state may be denominated a contingent remainder. An executory devise was, at common law, in the nature of a contingent remainder, and could be created only by will; but as a contingent remainder could not be created upon a fee, a devise of a fee qualified by a devise over of the same estate to another upon the happening of a contingency or the breach of a condition, was upheld as an executory devise. Under sections 695, 769, 773, and 778 of the Civil Code, a future contingent estate in fee may be limited upon a precedent estate in fee, upon a contingency happening within the period allowed by the code, and may be denominated a contingent remainder, which is to be deemed a conditional limitation of the precedent estate.

ID.—DISTRIBUTION TO HEIRS NOT NAMED—COLLATERAL ATTACK—EXECUTORY LIMITATION.—The failure to name the persons and proportions in which an estate is distributed to the heirs of the testator does not render the decree void or subject to collateral attack; and where, at the time of the entry of the decree of distribution, the event upon which the estate of the heirs was limited to take effect was uncertain and contingent, and might never happen, and it was impossible for the court to ascertain the individuals who would constitute the heirs upon the happening of that event, the principles applicable to a decree of immediate distribution to persons who may be named and the proportion to which each may be entitled have no application.

ID.—ACTION BY HEIRS TO QUIET TITLE—IMPROPER NONSUIT—FINDINGS—REVERSAL OF JUDGMENT.—In an action brought by persons claiming to be the heirs of the testatrix, after the death of the grandson without issue, to quiet title to the lands devised to them, upon the happening of that event, as against defendants claiming under the will of the grandson, where the evidence tended to show that the plaintiffs were heirs of the testatrix, and it appeared that the defendants have no interest in the lands, the judgment must be reversed, and, no findings being required in cases of nonsuit, the failure of the court to find whether plaintiffs were heirs of the testatrix, cannot authorize an affirmance of the judgment; nor can it be material to the defendants whether there are other heirs, or whether all of the plaintiffs are heirs, or in what manner the rights of the several plaintiffs in the land are to be adjusted.

APPEAL from a judgment of the Superior Court of Sonoma County. R. F. Crawford, Judge.

· The facts are stated in the opinion of the court.

J. R. Leppo, and C. S. Farquar, for Appellants.

W. B. Haskell, and Myrick & Deering, for Respondents.

HARRISON, J.—The plaintiffs brought this action against the defendants to quiet their title to certain lands, described in the complaint. Sarah C. Pierce died seised of the lands in question November 28, 1891, leaving a last will and testament bearing date November 15, 1884, containing the following provisions:

"2. I give, devise, and bequeath to my grandson, William S. Pierce, his heirs and assigns forever [certain property charged with the payment of certain legacies]; my said grandson, William S. Pierce to come into possession of said property so devised and bequeathed on his reaching the age of twenty-one years.

"3. All the rest, residue, and remainder of my estate, real and personal, I hereby give, devise, and bequeath to my said grandson, William S. Pierce, his heirs and assigns forever.

"4. In the event of my said grandson, William S. Pierce, dying without leaving lawful issue him surviving, then all the property, real and personal, devised and bequeathed to him by this instrument, I devise and bequeath to my heirs according to the laws of the state of California."

By a codicil thereto, the testatrix revoked certain of the legacies which she had charged upon the estate bequeathed to her grandson, and made certain changes in others. Her will was admitted to probate, and upon the settlement of the final account of the executors, December 12, 1892, the superior court made a decree of final distribution of her estate, which after reciting therein the provisions of her will, and that William S. Pierce was at that time upward of twenty-two years of age, and is entitled to the residue "according to the terms of the said will and codicil," declared as follows:

"It is therefore ordered, adjudged, and decreed that the residue of the said estate be and the same is distributed as follows, to wit: To William S. Pierce, said grandson, his heirs and assigns forever, and, in the event of the death of the said William S. Pierce leaving no lawful issue him surviving, then all the property, real and personal, of deceased herein distributed,

to the heirs of the said deceased Sarah C. Pierce, according to the laws of the state of California."

William S. Pierce died without issue March 21, 1895, leaving a last will and testament by which he devised his estate to the defendant, Mary J. Pierce, who was also appointed executrix of his will. At the trial of the cause, the plaintiffs, in addition to the foregoing facts, offered evidence tending to show that they are the heirs at law of Sarah C. Pierce, deceased, and at the close of their testimony the court, upon the motion of the defendants, rendered its judgment that plaintiffs take nothing by the action, and dismissed the same. From this judgment the plaintiffs have appealed.

The right of the plaintiffs to the land in question depends upon the construction to be given to the decree of distribution in the estate of Sarah C. Pierce, deceased. Counsel upon each side have argued elaborately and with ability upon the construction which should be given to the words "dying without leaving lawful issue him surviving" in the fourth item of her will—whether these words should be construed as referring to the death of William S. Pierce in the lifetime of the testatrix, or to his death at any time thereafter without leaving lawful issue. The construction which these words in a will should receive has been decided differently in different states, but has never been determined in this state, and, although counsel upon each side claim that the position taken by them respectively is sustained by the great weight of authority, the decision of the question is not required in the present case, and we therefore deem it inappropriate to express an opinion thereon, but leave it open to be determined when a suitable occasion shall be presented. The will of Sarah C. Pierce received a construction at the distribution of her estate, and upon the entry of that decree the provisions of her will were merged in a judgment which determined the rights of all who might claim any portion of her estate by virtue of the provisions of the will. That decree was a judicial construction of her will, and not having been appealed from, its terms are made by the statute conclusive as to the rights of all heirs, devisees, or legatees claiming any portion of her estate. If the decree did not correctly define the interests of any claimant, it could have been

corrected upon an appeal therefrom, but, in the absence of such
appeal, it became final and conclusive. In *Trescony v. Christal,*
119 Cal. 568, it was said: "The will of the testator was evi-
dence before the court when it was called upon to determine how
the estate should be distributed, but, upon the entry of the
decree of distribution, that decree became the measure of
the rights of the parties interested in the estate, and the will
was entitled to no further consideration for that purpose, ex-
cept upon a direct appeal from that decree. If in making
the decree, the court erred either in matter of fact or in the
application of the law to the facts before it, the decree, un-
less appealed from, was a conclusive determination of the mat-
ters determined, and is not subject to collateral attack." In
*Goad v. Montgomery,* 119 Cal. 552, we said: "If the plaintiffs
herein had felt that the decree of distribution was erroneous or
defective in not giving to them the powers which in their opinion
the terms of the will authorized to be conferred upon them, they
could have appealed therefrom and had the decree corrected, but
by their failure to appeal the decree has become conclusive upon
them, and they can no longer contend for a different construc-
tion than such as its terms import." (See, also, *William Hill
Co. v. Lawler,* 116 Cal. 359; *Crew v. Pratt,* 119 Cal. 139.)

In giving a judicial construction to the will of Sarah C. Pierce
the court determined that she devised to William S. Pierce an
estate in fee defeasible upon the contingency of his dying with-
out leaving any lawful issue surviving him, with a remainder in
fee limited upon this contingency to the heirs of the said Sarah C.
Pierce. The decree of distribution is by its terms prospective, and
as Sarah C. Pierce was at that time dead, the words "in the event
of the death of the said William S. Pierce leaving no lawful issue
him surviving" can by no construction be held to have reference
to the death of William S. Pierce in her lifetime. This clause in
the distribution of the estate to him is a condition upon the hap-
pening of which the property distributed was adjudged to go
"to the heirs of the said Sarah C. Pierce according to the laws
of the state of California." At the common law, such disposi-
tion of her property would have been termed a conditional limi-
tation by way of an executory devise, but under the system
prevailing in this state may be denominated a contingent re-

mainder. An executory devise was at common law in the nature of a contingent remainder, but could be created only by will and not by grant. One of the distinctions between an executory devise and a contingent remainder at common law was that a contingent remainder could not be created upon a fee; when the owner had once granted the fee, whether absolute or qualified, there was no estate remaining in him from which a remainder could be created; but for the purpose of carrying into effect the will of a testator when he had devised the fee to one person, but qualified this disposition by giving the estate over to another upon the happening of a contingency or the breach of a condition, his disposition of the estate was upheld as an executory devise. Section 773, of the Civil Code, provides, however, that "subject to the rules of this title . . . . a fee may be limited on a fee, upon a contingency which, if it should occur, must happen within the period prescribed in this title"; and section 778 provides: "A remainder may be limited on a contingency which, in case it should happen, will operate to abridge or determine the precedent estate; and every such remainder is to be deemed a conditional limitation"; while section 769 declares: "When a future estate other than a reversion is dependent upon a precedent estate, it may be called a remainder, and may be created and transferred by that name." Such future estate is contingent "whilst the event upon which it is limited to take effect remains uncertain." (Sec. 695.)

It is urged by the respondents that, as the decree of distribution does not "name the persons and the proportions or parts to which each shall be entitled," except William S. Pierce, that portion of the decree is not entitled to be considered, and that the plaintiffs cannot invoke it in support of their claim. If the persons and the proportions to which they are entitled are named in the decree, "such order or decree" is conclusive, and "such persons" may demand, sue for, and receive their respective shares from the executor, and such order or decree is conclusive as to their rights, as well as to the rights of heirs, legatees, or devisees; but it does not follow that a failure to name the persons and the proportions, will render the decree inoperative or subject to collateral attack. An examination of the cases cited by the respondents in support of their proposition will show that

the question arose either upon a direct appeal from the decree, or in a proceeding in the estate to complete the administration by having the personalty distributed in specific portions. Some of the cases cited were actions brought by the heir against sureties upon the administrator's bond, wherein it was held that until the administrator had been directed to pay a specific sum of money to the heir he was not liable upon his bond, and that unless the amount of such share is specified the mere neglect of payment would not create a default for which the sureties would be bound. It may be conceded that, if the decree does not specify the amount of money or other personal property to be paid or delivered to each heir or legatee, the executor would pay or deliver the same at the peril of being required to establish the right of such person to receive it; but the principles applicable thereto, as well as those governing the cases cited by the respondents, have no application to a distribution of real estate to the "heirs" or "children" or "next of kin" of the testator. A decree of distribution expressed in these terms, although subject to be corrected on appeal, is not void, and cannot be attacked collaterally for its apparent want of certainty any more than for any other error. At the time the decree of distribution herein was entered, the event upon which the estate of the heirs of Sarah C. Pierce was limited to take effect, as well as the individuals who would constitute her heirs upon the happening of that event, was uncertain, and therefore contingent. (Civ. Code, sec. 695.) The limitation over to them was executory, depending upon an event which might never happen, and it was therefore impossible for the court to ascertain the persons in whom the ultimate right to the estate would vest, or whether it would ever vest at all.

The failure of the court to find whether the plaintiffs are heirs of Sarah C. Pierce does not authorize an affirmance of its judgment. At the close of the plaintiffs' evidence, the defendants moved for a dismissal of the action. This was in the nature of a nonsuit, and in such cases findings are not required. The evidence offered on behalf of the plaintiffs tended to show that they are heirs of Sarah C. Pierce. Whether they constitute all of her heirs is a matter in which the defendants are not interested. If the estate devised to William S. Pierce terminated

upon his death without leaving issue surviving him, the defendants have no interest in the land described in the complaint, and it is immaterial to them whether all of the plaintiffs are entitled to share therein, or in what manner the rights of the several plaintiffs in the land are to be adjusted.

The judgment is reversed.

Van Fleet, J., and Garoutte, J., concurred.

Hearing in Bank denied.