[Sac. No. 647. Department One.—August 22, 1899.]

DANIEL McKENZIE, Appellant, v. JAMES H. BUDD et al., Respondents.

ESTATES OF DECEASED PERSONS—WILL—DECREE OF DISTRIBUTION TO WIDOW—EXECUTION SALE OF SON'S INTEREST—VOID TITLE.— A decree of distribution of the estate of a deceased person, distributing the whole of the residue of the estate in fee to the widow, unappealed from, is conclusive upon the question that upon his death she was the owner of the whole of his estate; and the sale under execution of the interest of a son under a will purporting to give a life estate to the widow while remaining such, and the residue to his lawful heirs at her death, and the deed thereof to the purchaser at such sale, pending administration, conveyed no title to the purchaser.

ID.—DISTRIBUTION OF ESTATE OF WIDOW — DEED OF SON—AFTER-
ACQUIRED TITLE.—The deed of the son pending the administra-
tion of his father's estate, of his interest therein, not purport-
ing to convey title in fee, will not carry an after-acquired title
distributed to the son under a decree of distribution of the
estate of his mother who, as widow, was the sole distributee
in fee of the father's estate.

APPEAL from a judgment of the Superior Court of San
Joaquin County and from an order denying a new trial. Ed-
ward I. Jones, Judge.

The facts are stated in the opinion of the court.

Budd & Thompson, for Appellant.

Minor & Ashley, for Respondents.

GAROUTTE, J.—This action is brought to quiet title to cer-
tain real estate, and arises upon the following state of facts:

Andrew Smith died, disposing of the real estate here involved,
by will, as follows: "I give and bequeath to my wife, Mary Ann
Smith, all of the real and personal property of which I die pos-
sessed, so long as she remains my widow; and at her death the
residue of said property to be equally divided among my law-
ful heirs." Pending the administration of Smith's estate the
wife died, and letters of administration were taken out upon her
estate. By decree of distribution in his estate the court found:
"That said Mary A. Smith, by reason of her community right
aforesaid, and under and by virtue of the terms of the will of
said deceased, was, at the time of her death, the owner of the
whole of the residue of the estate of said Andrew Smith, de-
ceased." By that decree it was ordered that the property of his
estate be turned over to the estate of his wife, and this was done.
Thereafter, by the decree of distribution in her estate, the prop-
erty was distributed to her heirs. The defendant, V. J. Smith,
is a son of the deceased father and mother. Defendant, J. H.
Budd, is a grantee under a deed made by V. J. Smith, pending
the administration of his father's estate. Budd appeared at the
trial and disclaimed any interest in the property. Plaintiff Mc-
Kenzie, by attachment, levied upon the interest of V. J. Smith
in the real estate left by his father. Under this attachment the

real estate was sold, McKenzie becoming the purchaser, and he now holds a deed under that sale. All of these matters occurred during the administration of the father's estate and prior to the mother's death.

By the decree of distribution in the father's estate it was determined that Mrs. Smith took title to this land in fee. Hence the attachment by the sheriff and sale thereunder to plaintiff went for nothing. Plaintiff's deed gave him no title, for defendant Smith had no title. In this collateral proceeding the decree of distribution in the father's estate is conclusive upon all the world. This court cannot say in this proceeding that the will of Andrew Smith was improperly construed by the decree of distribution, or that his wife was declared the owner of a greater interest in the land than that which should have been allotted to her. The later cases upon this question are to the effect that the decree of distribution entered in the estate of Andrew Smith is conclusive upon the question that his wife, Mary Ann Smith, was, at the instant of his death, the owner of his entire estate. It is said in *Cunha v. Hughes*, 122 Cal. 112; 68 Am. St. Rep. 27: "The decree of distribution becomes the measure of the rights of all claimants to the estate, and their rights are to be determined by the terms of this decree." The same doctrine is recognized and approved in *William Hill Co. v. Lawler*, 116 Cal. 359; *In re Trescony*, 119 Cal. 568; and *Jewell v. Pierce*, 120 Cal. 82. There is nothing in *Chever v. Ching Hong Poy*, 82 Cal. 68, opposed to this doctrine. It follows for these reasons that plaintiff has no title to the land involved in this litigation, and is entitled to no relief.

It is further claimed that defendant Smith, under the decree of distribution in his mother's estate, became possessed of an after-acquired title which passed to Budd under his deed of grant, and, therefore, he is estopped from making claim of title in himself in this action. This would seem to be a matter wholly between the defendants, Smith and Budd. Plaintiff gets no title by that transaction. His claim of title is entirely independent of it, and, having no title of any kind in himself, his claims must fall, regardless of the status of the title as between Budd and Smith. It may be further suggested that the Smith deed did not purport to convey title in fee, hence it carried no after-acquired title.

For the foregoing reasons the judgment and order are affirmed.

Van Dyke, J., and Harrison, J., concurred.