[Civ. No. 154.  First Appellate District.—March 23, 1906.]

## CATHERINE SMITH, Appellant, v. J. G. VANDEPEER et al., Respondents.

ESTATES OF DECEASED PERSONS—DECREE OF DISTRIBUTION—ERROR—
LAPSE OF TIME FOR APPEAL—CONCLUSIVENESS.—A decree of distribution of the estate of a deceased person, which has become final by failure to appeal therefrom within the time limited, however erroneous it may be, is conclusive upon all parties, and cannot be collaterally attacked on the ground of error therein. The same principles attach to a judgment of the superior court in a matter of probate, as to its judgment in actions at law or suits in equity.

ID.—ERROR NOT REVIEWABLE IN EQUITY.—For any error committed by the court in its decree of distribution, whether in matter of fact or in the application of the law to the facts before it, the party aggrieved must seek his remedy by appeal. Mere error is not a ground for relief in equity.

ID.—DISTRIBUTION TO TRUSTEE FOR BURIAL LOT—PERPETUITY—PROHIBITION OF CONSTITUTION—ACTION BY RESIDUARY LEGATEE.—Neither the fact that a trust for the perpetual repair and embellishment of a burial lot is prohibited by the provision of the constitution against perpetuities, nor the fact that the trustee to whom the trust fund for that purpose was distributed had no interest therein, can affect the conclusiveness of the decree of distribution. No action will lie in favor of a residuary legatee, after the time for appeal from such decree has fully expired to compel the trustee to pay the fund to her, on the ground that said trust was in violation of the constitution.

APPEAL from a judgment of the Superior Court of Alameda County.  John Ellsworth, Judge.

The facts are stated in the opinion of the court.

D. Kinsell, for Appellant.

J. B. Richardson, for Respondents.

HARRISON, P. J.—The last will and testament of Fannie Simpson appointed the defendants herein as its executors, and contained among other provisions the following:

"Fourth.  I desire to be buried beside my husband in the cemetery of San Lorenzo; and I give, devise and bequeath to my executors hereinafter named the sum of two thousand dollars, in trust, however, that they shall invest the same in such way as their good judgment shall dictate so as to produce an annual income, which income shall be applied perpetually to keep in repair, embellish and make attractive our burial lot in said cemetery."

"Tenth.  All the remainder of my estate I give and bequeath to my sister the said Catherine Smith."

The testatrix died December 26, 1891, and on January 11, 1892, her will was admitted to probate by the superior court of Alameda county, and on the same day letters testamentary thereon were issued to the defendants.  Thereafter such proceedings were had that on January 16, 1893, the superior court settled the final account of the executors, and made its decree of distribution of said estate, in and by which it distributed to the defendants herein the sum of $2,000 in trust (setting forth the provisions of the trust as stated in the will), and distributed to the plaintiff herein all the remainder of the estate of said decedent, which was described in said decree as "all the rest of said estate, whether herein described or not."  The $2,000 thus distributed to the defendants was received by them February 20, 1893, and, with the exception of so much thereof as has been expended in the care of said burial plot, they still have the same in their possession, together with its accumulations.  March 2, 1904, the plaintiff brought the present action against the defendants, alleging that under the constitution of the state no perpetuity is allowed except for eleemosynary purposes, and that by the above clause in her will the testatrix attempted to create a perpetuity which is not for eleemosynary purposes; that the judgment of the court distributing the legacy to be held by the defendants for the purposes of said trust is void, and that as the residuary legatee of the decedent she is entitled to the same, together with its accumulations, and praying that the defendants be declared to hold the same for her benefit, and that they render an account thereof, and be directed to pay the same to her.  A demurrer to this complaint on the part of

the defendants was sustained, and from the judgment entered thereon the plaintiff has appealed.

In the cases of *William Hill Co.* v. *Lawler,* 116 Cal. 359, [48 Pac. 323] , *Crew* v. *Pratt,* 119 Cal. 139, [51 Pac. 44] , *Goldtree* v. *Allison,* 119 Cal. 344, [51 Pac. 561], *Goad* v. *Montgomery,* 119 Cal. 552, [63 Am. St. Rep. 145, 51 Pac. 681], *Trust of Trescony,* 119 Cal. 568, [51 Pac. 951], *Jewell* v. *Pierce,* 120 Cal. 79, [52 Pac. 132], and *Toland* v. *Earl,* 129 Cal. 148, [79 Am. St. Rep. 100, 61 Pac. 914], the nature and effect of a decree of distribution of the estate of a decedent, and its conclusiveness upon the rights of heirs, legatees, and devisees, have been so fully discussed and distinctly stated that a mere reference to those cases is sufficient to show that the demurrer to the complaint was properly sustained.

The plaintiff seeks herein, by a suit in equity, to make a collateral attack upon the validity of a judgment of a court that had jurisdiction of the subject matter, and of all the parties interested therein and which, by reason of lapse of time since its rendition and entry, has become final. The same principles attach to a judgment of a superior court in a matter of probate, as to its judgment in actions at law or suits in equity (*Burris* v. *Kennedy,* 108 Cal. 331, [41 Pac. 458]), and for any error committed by the court in its decree of distribution, whether in matter of fact or in the application of the law to the facts before it, the party aggrieved must seek his remedy by appeal. Mere error is not a ground for relief in equity. (*Daley* v. *Pennie,* 86 Cal. 552, [21 Am. St. Rep. 61, 25 Pac. 67] ; *Lynch* v. *Rooney,* 112 Cal. 279, [44 Pac. 565].)

The plaintiff herein was a party interested in the distribution of the estate of the decedent, and was properly brought before the court at the hearing upon the application therefor. Whether she then made the objection to the validity of the provision in the will which she now makes does not appear; but, whether she made it or not, she had the opportunity to do so, and, whether she did or neglected to do so, she is equally bound by the decree. (*William Hill Co.* v. *Lawler,* 116 Cal. 359, [48 Pac. 323].) Nor does it appear from the record whether this objection, if made, was considered by the court; but the

omission of the court to place upon the record its ruling upon the objection cannot impair the effect of the judgment which it rendered.   It was its duty to consider all of the provisions of the will, and to determine the validity of the above provision before making the decree of distribution (*Goldtree* v. *Allison, supra*) ; and, as it distributed the legacy to the defendants, it must be assumed that it determined that the provision was valid and created a valid trust.   Its action in this respect must receive the same consideration as if, upon an objection made by the plaintiff at the hearing, upon the petition for distribution, the court had overruled the same, and incorporated into its decree a specific finding that the trust was not created for eleemosynary purposes and did not purport to create a perpetuity.   If it should be conceded that the court erred in making such finding, it was competent for the plaintiff to waive the error so far as it affected her rights, and by failing to appeal therefrom, she has waived it.

The conclusiveness of the judgment is not affected by the fact that it involved the construction of a provision of the constitution instead of a statute.   A statute passed by the legislature within its constitutional power is as authoritative and of as high a sanction as is a provision of the constitution.   Each is an expression of the sovereign will of the people—the one by its direct vote; the other by its duly constituted representatives—and the failure of a court to give a proper construction to either is but an error of law.   Neither is the conclusiveness of the judgment impaired by the fact that the defendants hold the legacy distributed to them merely in trust, and have no personal interest therein.   The exigencies of this appeal do not require us to determine whether this trust is valid or not; but, conceding the claim of the plaintiff to be correct, the jurisdiction of the court to determine that question was not affected thereby, and not having been reversed remains binding upon all parties to the proceeding.   An erroneous judgment that is unreversed is binding upon the parties thereto as an adjudication of their rights, and, when invoked before any other tribunal, is conclusive thereof.   (*Thompson* v. *Mc-Kay,* 41 Cal. 221; *People* v. *Holladay,* 93 Cal. 241, [27 Am.

St. Rep. 186, 29 Pac. 54] ; *Lamb* v. *Wahlenmaier,* 144 Cal. 91, [103 Am. St. Rep. 66, 77 Pac. 765].)

The judgment is affirmed.

Cooper, J., and Hall, J., concurred.