[S. F. No. 6997. Department One.—December 10, 1914.]

In the Matter of the Estate of GOTTLIEB SCHMIERER, Deceased. J. H. RICHARDS and GEORGE SCHMIERER, Executors, Appellants; CHRISTINA LEE STOURGEON, Respondent.

ESTATE OF DECEDENT—LEGACIES—INTEREST—DECREE OF DISTRIBUTION TO DETERMINE.—Where a legatee under a will claims interest on the legacy, the claim should be asserted in the proceeding for distribution, and if this is not done no interest can be recovered for the period prior to the decree of distribution.

ID.—DISTRIBUTION—RIGHTS OF LEGATEES AND DEVISEES SETTLED ON—REMEDY FOR ERROR—APPEAL—COLLATERAL ATTACK.—The distribution of an estate includes the determination of the persons who by law are entitled thereto, also the proportions or parts to which each of these persons is entitled. If the decree is erroneous, the remedy is by appeal, and if no appeal is taken the decree becomes a final and conclusive adjudication of the rights which might be claimed by any person as legatee or devisee under the will, and is not subject to collateral attack.

APPEAL from an order of the Superior Court of the City and County of San Francisco directing executors to pay interest on legacy. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

G. Gunzendorfer, for Appellants.

H. G. W. Dinkelspiel, for Respondent.

SLOSS, J.—The will of Gottlieb Schmierer bequeathed three hundred dollars to Christina Lee Stourgeon. It gave certain other legacies, and contained a devise and bequest of the residue. The testator died on June 4, 1908, and his will was admitted to probate on July 22, 1908, J. H. Richards and George Schmierer being appointed executors.

On March 21, 1913, the executors filed their final account and petition for distribution. On April 7, 1913, the court made its decree settling the final account and distributing the estate. By the decree all of the property remaining in the hands of the executors was ordered distributed pursuant to the terms of the will. Various pecuniary legacies were ordered distributed to the respective legatees and the residue was ordered distributed to the residuary legatees and devisees. To Christina Lee Stourgeon was distributed three hundred dollars, the amount of her legacy. In her case, as in that of other legatees, there was no mention of interest on the legacy. In August, 1913, Christina Lee Stourgeon filed a petition alleging that her legacy had not been paid and praying that the executors be cited to appear and show cause why they should not pay the sum of three hundred dollars, together with interest thereon from the fourth day of June, 1909, this date being one year after the testator's death. The citation was issued and the executors appeared. Pending further proceedings, the executors paid to petitioner the sum of three hundred dollars, the principal of the legacy bequeathed, and there was submitted to the court the question of her right to receive from the executors interest on such legacy from the expiration of one year after the death of the testator. This submission took place on January 27, 1914. The court thereafter made its order determining that the petitioner was entitled to interest on the legacy from the fourth day of June, 1909, or-

dering the executors to pay to her such interest amounting to ninety-six dollars, and directing that she have execution against the executors for said sum. From this order the executors appeal.

It will be observed that the interest claimed, or the greater part thereof, had accrued prior to the making of the decree of distribution. This decree had become final before the making of the order appealed from. If the legatee was entitled to interest on the legacy (Civ. Code, secs. 1368, 1369), her claim could and should have been asserted in the proceeding for distribution. ''The distribution of an estate includes the determination of the persons who by law are entitled thereto, and also the proportions or parts to which each of these persons is entitled.'' (*William Hill Company* v. *Lawler*, 116 Cal. 359, [48 Pac. 323] ; Code Civ. Proc., sec. 1666.) If such decree is erroneous, the remedy is by appeal. (*Daly* v. *Pennie*, 86 Cal. 552, [21 Am. St. Rep. 61, 25 Pac. 67].) No appeal was taken from the decree of distribution in this case, and such decree was therefore a final and conclusive adjudication of the rights which might be claimed by any person as legatee or devisee under the will. (Code Civ. Proc., sec. 1666.) By distributing to the respondent the sum of three hundred dollars without interest the court determined that she was not entitled to interest. This adjudication is not subject to collateral attack. No direct attack is here made and the petitioner is foreclosed.

Whether the legatee would be entitled to interest during the brief period intervening between the making of the decree of distribution and the payment of the principal of the legacy is a question that is not here raised. At any rate she is not entitled to interest for the time elapsing prior to the making of the decree.

The order is reversed.

Angellotti, J., and Shaw, J., concurred.