[L. A. No. 4161.   Department Two.—April 12, 1918.]

MINERVA SWEINHART, Appellant, v. PLANT INVESTMENT COMPANY (a Corporation), et al., Respondents.

WILLS—DEVISE OF FEE—UNRESTRICTED POWER OF SALE—INCONSISTENT LIMITATION VOID.—It is the unquestionable rule that where an absolute property in an estate is devised or an unrestrained power of sale is given, a limitation over to another is void as inconsistent with the first estate.

ESTATES OF DECEASED PERSONS—TRUST—DECREE OF DISTRIBUTION—COLLATERAL ATTACK.—A decree of distribution establishing a trust under a will is not open to attack in a suit for partition of the property.

ID.—TRUST UNDER DECREE CONSTRUED—NO ESTATE IN FEE—NOT AN UNRESTRAINED POWER OF DISPOSITION.—Where by a decree of distribution the estate of a testator was distributed to children share and share alike upon trust to use the income for their lives, or until such time after ten years from the death of the testator as they should agree upon a sale, when the proceeds should be divided among the children and the heirs of the body of deceased children, and in the absence of such sale by agreement, and of such division of the proceeds, then, upon the death of all the children, the property to be divided among the heirs of their body, the original distributees did not take an estate in fee simple and no unrestrained power of disposition was conferred upon them.

ID.—PARTITION—RIGHTS OF WIDOW AND DEVISEE OF ONE OF THE CHILDREN.—In such case, where there had never been any agreement to dispose of the property during the life of all of the testator's children, upon the death of one of the original distributees childless, his widow, to whom all his property passed by his will, could not maintain an action for partition of the trust property mentioned in the decree of distribution, since she never acquired any interest in it.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge.

The facts are stated in the opinion of the court.

Hartley Shaw, for Appellant.

Anderson & Anderson, for Respondent Plant Investment Company.

MELVIN, J.—Plaintiff, here appealing from an adverse judgment, sued unsuccessfully to partition certain real property, asserting that she is the owner of an undivided eighth of the realty involved, claiming as the devisee of her deceased husband, Roger Plant, Jr., who survived his father, Roger Plant, Sr., by more than ten years. The younger Roger Plant died childless, and by his will all of his property went to his widow, who is the plaintiff here. She has married since his death.

The sole question involved is the proper construction of the decree of distribution in the estate of Roger Plant, Sr., by which the whole of the real property is distributed as follows:

"To said William Plant, Susan Plant Tweedy, Roger Plant, Henry Plant, Phoebe Plant, David Walter Plant,

George Washington Plant, Richmond Plant and Charles Plant, said children of deceased, all of whom are over 21 years old, the said real property is hereby distributed share and share alike, but in trust nevertheless, they to use the net rents and profits during their lives, or until such a time after ten years from the date of the death of said Roger Plant as that all of his said children, or in case any of them shall be dead, then all said children then surviving and the heirs of the body of said deceased children, shall mutually agree in writing to sell said real property and divide the proceeds, when the same shall be sold and the proceeds divided equally among said children and in the event any of said children are dead, the heirs of the body of said deceased child or children shall succeed to the interest of their parent in equal proportions, and if they shall not agree in writing to sell said realty as aforesaid, then on the death of all of said children, said real property or the proceeds thereof shall be divided among the heirs of the body of said children, each child's children to be entitled to share equally in the portions of its parent, and if any of said children shall die prior to distribution without issue, then the portion of such deceased child shall be equally divided among the surviving children and the heirs of the body of any deceased child, each deceased child's heirs to share equally in their deceased parent's portion of said child dying without issue.''

Plaintiff's contention is that the distributees under this decree took an estate in fee simple absolute either at the date of the entry of the decree or ten years later and that the trust provisions are repugnant to this estate.   In this behalf her counsel cites many authorities to the effect that where an absolute property in the estate is devised, or where an unrestrained power of sale is given, a limitation over to another is void as inconsistent with the first estate.

Unquestionably that is the rule, but an examination of the trust clause of the decree here involved reveals the fact that there is no unrestrained power of disposition conferred.

The validity of the decree establishing the trust is not open to attack in this suit.   (*Goldtree* v. *Allison*, 119 Cal. 344, [51 Pac. 561].)   By the terms of that part of the decree none of the property could be sold without the written agreement of the surviving children of the testator and heirs of the body of those original distributees who had died.   Before

such division by agreement the interest of each distributee would, upon his death, pass to the heirs of his body, or in default of any to the survivors of the trustees. Such limitation upon the power of alienation may not be questioned by plaintiff, and under the terms of the trust, as there never was any agreement to dispose of the property during her husband's life, she never acquired any interest in it.

A very similar trust has been upheld by the supreme court of Missouri. (*Dougal* v. *Fryer,* 3 Mo. 40, [22 Am. Dec. 458].)

The judgment is affirmed.

Wilbur, J., and Victor E. Shaw, J., *pro tem.,* concurred