[Civ. No. 759. Fourth Appellate District.—April 11, 1932.]

J. A. ARNOUX, Appellant, v. CORA A. WESTPHAL et al., Respondents.

Thomas F. Lopez for Appellant.

Irvine P. Aten and Ernest Klette for Respondents.

BARNARD, P. J.—This case presents another chapter in a long and strange line of litigation over a parcel of real property. On May 20, 1911, this plaintiff deeded the property in question to his wife, Anna Arnoux. On March 20, 1913, he brought an action against his wife to annul their marriage and to annul this deed. On June 24, 1913, Anna Arnoux filed a declaration of homestead on this property, in which she sets forth "I do now, at the time of making this declaration actually reside with my minor daughter who is under my care and maintenance, on the land and premises hereinafter described", and also, "I make this declaration for the joint benefit of myself and family". On July 17, 1913, the plaintiff had his wife arrested on an insanity charge and about the same time she had him arrested on a charge of attempting to kill her. On March 9, 1914, judgment was entered in the action started on March 20, 1913, denying an annulment of the marriage, upholding the validity of the deed, and declaring the real property in question to be the separate property of Anna Arnoux. On May 6, 1914, Anna Arnoux died, leaving this property by will to her minor daughter, Agatha Vivian Lawrence, the property being later distributed to the minor through a guardian. On June 8, 1914, Cora A. Westphal was appointed guardian of this minor, continuing as such until after the minor reached her majority, which occurred on July 27, 1920. On March 15, 1919, Cora A. Westphal, as guardian of the minor, brought an action against this plaintiff in ejectment and to determine the title to the property. Judgment went for the plaintiff, the court decreeing that the plaintiff was the owner of the property in fee and entitled to the possession thereof, and also decreeing that the defendant (appellant herein) "has not any right, title, interest or estate in or to said real property or any part thereof, and he is hereby forever restrained and enjoined from asserting any claim or title thereto, or to any part thereof, adverse to the plaintiff". Upon appeal this judgment was affirmed. (*Westphal* v. *Arnoux,* 51 Cal. App. 532 [197 Pac. 395].) On

July 7, 1921, the plaintiff herein filed an action against Cora A. Westphal as guardian, asserting title to this property in himself by virtue of the homestead above referred to. This action was dismissed by the plaintiff on March 20, 1923. On October 7, 1921, this plaintiff brought another action against this guardian to quiet title to the same property, which action was, on March 27, 1924, dismissed by order of the court. On July 17, 1922, a mortgage was executed under an order of court in the guardianship proceeding above referred to, the property being mortgaged to Mabel E. Holman for the purpose of paying certain expenses of the guardianship. On August 16, 1925, Mabel E. Holman brought an action against this plaintiff and against Agatha Vivian Lawrence, then Agatha Vivian Mueller, to foreclose this mortgage. Personal service of summons was had on Arnoux on August 7, 1925, in Fresno County. On November 3, 1925, summons was personally served on Agatha Vivian Mueller in the state of Washington. On April 12, 1926, the defaults of both defendants were entered. The property was sold at a commissioner's sale and bid in by Mabel E. Holman. On May 7, 1927, a commissioner's deed to the property issued to Cora A. Westphal, to whom the certificate of sale had been transferred. On July 10, 1928, this action was begun, seeking to quiet title to the property in the plaintiff, the complaint being in the usual form. Cora A. Westphal answered, denying the title of the plaintiff and asserting title in herself, subject to a subsequent mortgage given to the Helferichs. No answer was filed by Agatha Vivian Mueller until May 8, 1929, more than three and one-half months after the case was tried. Two days before the trial, Agatha Vivian Mueller conveyed to this plaintiff by deed any interest she might have in the property. The court made findings and entered judgment in accordance with a cross-complaint, quieting title to the property in Cora A. Westphal as against any and all claims made or to be made by this plaintiff or by Agatha Vivian Mueller, and decreeing that this plaintiff be debarred from asserting any title to the property. From this judgment this appeal is taken.

Two points are raised by the appellant, which are thus stated by him:

"1. The mortgage executed by Cora A. Westphal, as guardian, was and is invalid and void, and no title to the property passed through the foreclosure thereof.

"2. The title to the property vested absolutely in the plaintiff upon the death of his wife, by reason of the homestead, and there is nothing in the record to show that this title was subsequently divested."

Taking up the second point first and assuming, but not deciding, that the homestead referred to, the validity of which was seriously attacked in this proceeding, was a valid homestead, we think that as between the appellant and the minor, the question as to the title to this property has been heretofore fully adjudicated and settled in favor of the minor. It appears that in the administration of the estate of Anna Arnoux this appellant failed to assert any claim to the property under his alleged homestead rights and permitted the property to be distributed to the minor without objection, in accordance with the terms of the will. (See *Miller* v. *Pitman,* 180 Cal. 540 [182 Pac. 50]; *McKenzie* v. *Budd,* 125 Cal. 600 [58 Pac. 199].) Subsequently, in the action brought by the guardian on March 15, 1919, upon the issues raised by the complaint, cross-complaint and answers, it was adjudged that the plaintiff therein was the owner of the property in fee; that the defendant (the appellant here) had no right, title or interest in the property; and that he was forever restrained and enjoined from asserting any such title. The matter thus became *res judicata* as between these parties.

In reference to the first point raised, it is contended that the mortgage given by the guardian under authority of the court was void and that no title passed through this mortgage and the foreclosure thereof, for the reason that the court was without authority to authorize such a mortgage after the minor became of age and during the process of closing the guardianship proceedings. Assuming, but not deciding, that this mortgage was not valid, the judgment entered in the proceedings to foreclose this mortgage cannot be here collaterally attacked by this appellant. (*Crouch* v. *H. L. Miller & Co.,* 169 Cal. 341 [146 Pac. 880]; *Hahn* v. *Kelly,* 34 Cal. 391 [94 Am. Dec. 742]; *Hogan* v. *Superior Court,* 74 Cal. App. 704 [241 Pac. 584].) A further consideration is that in this foreclosure proceeding both

this appellant and Agatha Vivian Mueller were made defendants and defaulted, and the subsequent judgment foreclosing all of their right, title and interest in the property has become final.

In our opinion any claim of interest in this property on the part of this appellant, whether arising through the purported homestead or through any asserted defect in the mortgage, has been fully adjudicated against him, and under well-settled principles these former adjudications, which have become final, must be held to prevail. Not only was the purported conveyance to appellant from Agatha Vivian Mueller made after this action was filed, but she then had nothing to convey.

The judgment appealed from is affirmed.

Marks, J., and Jennings, J., concurred.