[S. F. No. 6468. In Bank.—June 26, 1916.]

ELISE A. DREXLER, Appellant, v. WASHINGTON DEVELOPMENT COMPANY (a Corporation), Respondent.

Estate of Deceased Person—Decree of Distribution—Muniment of Title—Inconsistency With Will.—A decree distributing the estate of a testator is the conclusive muniment of the distributee's title and controls any language of the will inconsistent therewith.

Id.—Specific Devise to Sole Heir at Law for Life—Distribution in Fee Simple—Condition Restraining Alienation.—Where a will specifically devises certain land to the testator's wife, she being his sole heir at law, for her life with remainder to her children, if she has any, and contains a direction that she shall have no power or right to sell it, and no further disposition is made of the property, a decree distributing the specific property to her "as her sole property and estate," subject only to the condition restraining alienation, and further distributing the remainder of the estate to her absolutely, vests an absolute fee-simple estate in the land specifically devised, free from any condition restraining alienation.

Id.—Remainder Cut Off by Decree Distributing Fee Simple.—Such decree cuts off the right of any children to the remainder in the land specifically devised, after the death of the wife, and is, in effect, an adjudication that there were no children and no possibility of any.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge.

The facts are stated in the opinion of the court.

Marcel E. Cerf, for Appellant.

Alfred B. Weiler, for Respondent.

SHAW, J.—The court below sustained the demurrer to the complaint, and thereupon rendered judgment for the defendant. The plaintiff appeals.

The action was for the specific performance of a contract to convey real estate. The contract was made on February 18, 1910. By its terms the plaintiff agreed to sell to the defendant the property described for the sum of two hundred and twenty-five thousand dollars. Of this $2,250 was paid at the time of the execution of the agreement. The remainder was to be paid upon the examination and approval by the defendant of the title of the plaintiff in the property. The defendant objected to the title exhibited by the plaintiff and on that account refused to perform the contract. Thereupon the plaintiff began this action. Her right to maintain it depends upon the question whether or not she has a good title to the property, upon the facts stated in the complaint.

In 1899, Louis P. Drexler was the owner in fee of the property. On August 17, 1899, he died, leaving surviving him the plaintiff, his wife, as his sole heir at law. His estate was duly administered and distribution thereof made in regular course of law. The doubt concerning the title results from a peculiar provision of his will which is recited in the decree of distribution. By this clause of the will, being the eleventh paragraph thereof, Drexler gave to his wife, during her life, all the rents accruing from the property in controversy and authorized her to collect the same. It also empowered her in case the buildings should be destroyed, by fire or otherwise, to collect the insurance, and to mortgage the property, if necessary, for a sum sufficient, with the insurance money, to replace the buildings destroyed. It further provided that on her death "the property heretofore mentioned shall go to and belong to her children, if she has any, but in case she

should die without issue or have none living at the time of her death, then in that case she may bequeath the before mentioned lots and buildings to any person or persons, or to any charity or charitable institutions that she may think best or wish to do,—But in no case shall my wife Elise A. Drexler have the right or power to sell the before mentioned real estate.'' The will made no further disposition of the property or of any other estate or interest therein.

After reciting the foregoing part of the will, the court, in the same paragraph of its decree, distributed the real estate referred to in said clause of the will to Elise A. Drexler, ''as her sole property and estate, subject, however, to the conditions expressed in said will, restraining her from the disposition and sale of said property as set forth and provided for in the said eleventh paragraph of said will, in this paragraph quoted and set forth.'' The next paragraph, number 22, of the decree is as follows:

''It is further ordered, adjudged, and decreed that the rest, residue, and remainder of the estate of said Louis P. Drexler, deceased, real, personal and mixed, and wheresoever situate, be and the same is hereby distributed to the said Elise A. Drexler as her sole and separate estate and property, free and clear of said collateral inheritance tax.''

This decree of distribution was made on October 12, 1900. There was no appeal, and it has long since become final. The decree is, of course, the conclusive muniment of the plaintiff's title, and it controls any language of the will inconsistent therewith. This has been decided many times. We cite only the last decision on the subject, *Estate of Schmierer*, 168 Cal. 747, [145 Pac. 99].

The portion of the will purporting to give said property to the children of Elise A. Drexler at her death must, on the principle just stated, be disregarded. The decree, as above shown, distributes the property to her ''as her sole property and estate,'' subject only to the condition that she shall not have the right or power to sell it. This cuts off the right of any children to the remainder therein after her death, and is, in effect, an adjudication that there were no children or possibility of any. The fact is practically conceded by both parties in their briefs.

Under the facts above stated, it is apparent that the plaintiff has an absolute fee-simple estate in the property, free

from any condition restraining alienation. The twenty-first paragraph of the decree, which recites the will, purports to impose upon her estate in the property the condition that she shall not sell or dispose of the same. This, however, is a wholly ineffectual restriction. She was the heir of Louis P. Drexler; he made no disposition whatever of the property except the rents and profits thereof accruing during her lifetime, and, consequently, the entire remainder, whatever it may be, and of whatsoever rights and powers it may consist, vested absolutely in her by descent at his death, subject only to administration. The twenty-second paragraph of the decree recognized this fact and formally adjudged to her the rest, residue, and remainder of the estate of Drexler, real, personal, and mixed, as her sole and separate estate and property. This residue included the power of disposition which the eleventh paragraph of the will attempted to withhold from her. By this paragraph of the decree she obtained the power of disposition which was withheld by the preceding paragraph. Taking the two together, therefore, she has the entire estate. The objections of the defendant to the sufficiency of the title were without foundation. No other objection was made, and the defendant has expressed its willingness to take and pay for the property if the title offered is found to be good.

We are of the opinion that the plaintiff has a good title; that the defendant should be compelled to perform, and that the court below erred in sustaining the demurrer to the complaint.

The judgment is reversed.

Sloss, J., Melvin, J., Lorigan, J., Henshaw, J., Lawlor, J., and Angellotti, C. J., concurred.