[Civ. No. 5062. Second Appellate District, Division One.—August 1, 1927.]

ORLANDO M. MOOR et al., Appellants, v. JESSE P. VAWTER, Trustee, etc., Respondent.

Denis Evarts Bowman for Appellants.

Warren L. Williams and Seymour S. Silverton for Respondent.

HOUSER, J.—The facts appear to be that by the terms of a will the testator left all his property in trust to defendant herein as trustee for the benefit of the widow of the testator during her natural life, and at her decease (provided that she should live ten years after the decease of the testator), to be distributed equally among the three sons of the testator. Furthermore, if the widow were to die at any time before such ten-year period expired, each of the sons was to be paid ten dollars per month from the date of the death of the widow until the expiration of the said period of ten years. The will further provided that:

"If either of my sons, before such division, have died, leaving lawful issue, such issue to receive the parents' share; but if there be no issue, then such share to become a part of the balance of the estate and divided among the survivors in the manner before directed."

In the proceedings on the probate of the will, a decree was rendered by the court distributing the property of the

testator "according to law and the provisions of the said will," excepting that the provision therein and hereinbefore set forth was omitted from such decree.

Before the expiration of the ten-year period following the decease of the testator, the widow died, and thereafter the sons brought this action against the trustee for the purpose of terminating the trust. On the hearing of the action it was stipulated that the plaintiffs were the only children and heirs at law of the testator and his widow; that each of them was competent, not a spendthrift, nor under any disability regarding the continuation of the trust; that each of them was able to care for his own property, and that they joined in the request that the trust be terminated and the estate of the testator be distributed to them. It also appeared that the difference between the income derived from the trust estate and the expenses of distribution thereof amounted to approximately the sum of $340 per year, which sum was invested and re-invested by the trustee and thus permitted to accumulate to the betterment of the trust estate.

The appeal herein is from a judgment rendered in the action in favor of the trustee, in effect denying any relief to the plaintiffs.

Generally speaking, as established by many authorities, the decree of the court with reference to the terms of the trust, and not the will, is the measure of the rights of the beneficiaries. Even though incorrect, from the standpoint of following the terms of the will, nevertheless (in the absence of reversal on appeal), the decree is conclusive as to the rights of the interested parties. (*Miller* v. *Pitman,* 180 Cal. 540, 544 [182 Pac. 50]; 12 Cal. Jur. 206; *McKenzie* v. *Budd,* 125 Cal. 600, 602 [58 Pac. 199]; *Luscomb* v. *Fintzelberg,* 162 Cal. 433, 438 [123 Pac. 247]; *Goad* v. *Montgomery,* 119 Cal. 552, 557 [63 Am. St. Rep. 145, 51 Pac. 681]; *Matter of Trust of Trescony,* 119 Cal. 568, 570 [51 Pac. 951]; *Toland* v. *Earl,* 129 Cal. 148, 152 [79 Am. St. Rep. 100, 61 Pac. 914]; *Estate of Learned,* 156 Cal. 309, [104 Pac. 315]; *Drexler* v. *Washington Development Co.,* 172 Cal. 758, 760 [159 Pac. 166]; *Estate of Scrimger,* 188 Cal. 158, 164 [202 Pac. 65].)

As hereinbefore noted, by the terms of the decree the trust estate was distributed "according to law and the provisions of the said will, as follows: . . . " While from

such reference alone, ordinarily it might be argued that the intention was to include within the decree all "the provisions of the said will," nevertheless the point appears to have been settled by judicial authority to the contrary. In the case of *Keating* v. *Smith*, 154 Cal. 186 [97 Pac. 300], the language of the decree was identical with that here under consideration, in that it provided for the disposition of the estate "according to law and the provisions of said will"; notwithstanding which, it was held that the terms of the decree superseded those of the will and prevailed over any provision in the will which was inconsistent with the decree. In the case of *Wills* v. *Wills*, 166 Cal. 529 [137 Pac. 249], it is held in effect that the decree is conclusive in itself, excepting where *by apt language* the will is incorporated into the decree. It therefore may be assumed that, so far as may concern the provision of the will relating to the disposition of the trust in the event of the death of either of the sons of the testator prior to the expiration of the ten-year period following the death of the testator, in the face of the fact that such provision is omitted from the decree—the legal effect is as though no such provision had ever existed.

Considering the position of the trustee with reference to the accumulation of income of a trust, it will be noted that by the provision of section 724 of the Civil Code, such an accumulation is valid as affecting trust estates for the benefit of minors only; and so far as the facts pertaining to this action are concerned, the effect of section 723 of the Civil Code is to declare void the accumulation of the income of the trust estate here under consideration. By section 733 of the Civil Code it is provided that: "When, in consequence of a valid limitation of a future interest, there is a suspension of the power of alienation or of the ownership during the continuation of which the income is undisposed of, and no valid direction for its accumulation is given, such income belongs to the persons presumptively entitled to the next eventual interest."

In addition to the statutory provisions to which reference has been had, it is held in *Estate of Yates*, 170 Cal. 254 [195 Pac. 555], that while the direction in a trust for the accumulation of income beyond the age of minority of the beneficiary under the trust is unquestionably void, the trust

itself may be valid, with the result that upon reaching majority the beneficiary may be entitled to receive the entire net income derived from the trust.

The case entitled *Estate of Whitney*, 176 Cal. 12 [167 Pac. 399], among other things, involved a question similar to that now being here considered, and it was there held that a direction in a will which provided for the accumulation of income from the estate during the lives of three adult children of the testator was void. An identical conclusion was reached by the court in *Estate of Duffill*, 180 Cal. 748 [183 Pac. 337].

With such an array of authority it must be concluded that with reference solely to the question of the accumulation of income from the trust property herein, the plaintiffs were entitled to have such accumulation distributed to them.

■ Considering the facts and the law as indicated by the authorities hereinbefore cited, it follows that the trust stands as though originally it had been intended that after the expiration of ten years the trust estate should be distributed to the beneficiaries therein named—the plaintiffs in this action—and the question then arises regarding the right of the plaintiffs to have the trust terminated before the expiration of such ten-year period.

In the case of *Huber* v. *Donoghue*, 49 N. J. Eq. 125 [23 Atl. 495], the testator left a will which in its provisions closely resembled those herein, in that in the cited case, after providing for the sale of certain property, the will provided: "At the expiration of ten years from my death, I direct my said executors to sell at public sale all the residue of my real estate to the highest bidder. . . . I do direct that my said executors shall, out of the proceeds of the sales above mentioned, and the rents, issues, and profits of such properties and investments, shall be applied, so far as necessary, to the maintenance of my wife and unmarried children during the period of ten years next succeeding my death; and at the expiration of said ten years (after the sale last above mentioned) all the moneys or investments then remaining in the hands of my said executors shall be divided equally, share and share alike, between my wife and my children who survive me."

It was held that the estate vested immediately in the widow and the children of the testator, and being *sui generis*

they might successfully ask the aid of the court to declare the trust terminated. The court said, in part: "With the aid of the court, can an absolute title be transferred prior to the expiration of 10 years? First, is the interest given to the parties who ask for the sale a vested interest? In other words, do their rights include the entire estate, subject only to the power given to the executors to sell? If there were any doubts whatever upon this point prior to the determination of the court of errors and appeals in the case of *Post* v. *Herbert*, 27 N. J. Eq. 541, all such doubts were then removed in favor of the vesting of the absolute fee. In this case, as in that, the estate was given to the trustees for the period of 10 years, not only for the benefit of the widow, but for the children also during that period. The vesting, therefore, waits upon no contingency. If the interest be a present, vested interest, which by the direction of the will is to be enjoyed in possession at and after the expiration of 10 years, can the children who will then be entitled to such possession, with the consent of the widow, enjoy such possession now, or, what is equivalent thereto, effectuate a sale and pass a valid title? This would seem to follow both from reason and the law, notwithstanding the express devise of the lands to the executors, with power to sell the same after the expiration of 10 years, and then to divide the proceeds. This rule rests upon the fact that in every such case the executors in reality are only clothed with a power of sale, and that the title is vested in them for no other purpose than that of conveying it. Consequently the executors have no interest."

The case of *Hill* v. *Hill*, 90 Neb. 43 [38 L. R. A. (N. S.) 198, 132 N. W. 738], is also in point, as the will of the testator therein contained the following provision: "I will and bequeath to my nephew, . . . in trust for my lawful heirs, all my estate, both real and personal, of every kind and nature, to be held by such trustee for the term of five years, and to be distributed among my lawful heirs at the end of such period." It was held that the estate vested immediately in the beneficiaries of the trust and that they being in all respects competent were entitled to have the estate conveyed to them.

As is stated in 38 L. R. A. (N. S.) 198, in a footnote to the case just cited: "That the beneficiary of a dry, simple,

or passive trust may compel the trustee to convey the trust property before the time fixed for the termination of the trust is a proposition from which there appears to be no dissent. . . . '' (Citing many cases.)

And as appears in *Sears* v. *Choate,* 146 Mass. 395 [4 Am. St. Rep. 320, 15 ᴺ ᴱ. 786] : ''There is no doubt of the power and duᵗ⁻ ⌐ court to decree the termination of the trust, wˉ ⌐ its objects and purposes have been accomplishᵅ⌐ ⌐re the interests under it have all vested, and whereͨ all parties beneficially interested desire its termination.''

Some of the California authorities recognizing the principle, or supporting the rule, are *Eakle* v. *Ingram,* 142 Cal. 15 [100 Am. St. Rep. 99, 75 Pac. 566] ; *Ringrose* v. *Gleadall,* 17 Cal. App. 664 [121 Pac. 407] ; *Gray* v. *Union Trust Co.,* 171 Cal. 637 [154 Pac. 306] ; *Estate of Blake,* 157 Cal. 448 [108 Pac. 287] ; *Fletcher* v. *Los Angeles Trust & Sav. Bank,* 182 Cal. 177 [187 Pac. 425] ; *Woestman* v. *Union Trust etc. Bank,* 50 Cal. App. 604 [195 Pac. 944].

Notwithstanding the weight of authority, which, on the whole, would indicate a reversal of the judgment herein, it is suggested by respondent that the question of the termination of a trust rests within the discretion of the trial court.

It may not be denied that, generally speaking, the rule obtains as announced in the case of *Gray* v. *Union Trust Co.,* 171 Cal. 637, 641 [154 Pac. 306], to the effect that the termination of a trust is discretionary with the trial court. (See, also, *Fletcher* v. *Los Angeles Trust & Sav. Bank,* 182 Cal. 177, 180 [187 Pac. 425].) But such a pronouncement goes no further than does the ordinary principle regarding the general subject of judicial discretion; that is to say, where the facts are undisputed and the right flowing therefrom demands a certain definite action on the part of the trial court, in the absence of equitable considerations in opposing interests, or at least of some sound reason, no authority by virtue of a vested discretion in the trial court would justify an arbitrary action on its part denying the relief to which the parties ordinarily would be entitled. In the instant case it was stipulated that the beneficiaries were in all respects competent, not spendthrifts, and that all of them joined in the request that the trust be terminated. No

reason of any sort based upon facts or equitable considerations was interposed by the trustees which might in any manner militate against the right of the beneficiaries of the trust in the premises. In such circumstances, we are of the opinion that it became the duty of the trial court to grant to the plaintiffs in the action the relief for which they prayed.

It is ordered that the judgment be and it is reversed.

Conrey, P. J., concurred.

York, J., being disqualified, did not participate in the foregoing decision.