[S. F. No. 15099. In Bank.—April 8, 1935.]

FLORENCE A. WIGHT, Respondent, v. E. C. STREET, as Trustee, etc., Appellant.

Charles C. Patterson and M. Harris Callum for Appellant.

Charles H. Sooy for Respondent.

LANGDON, J.—This is an action to quiet title to a parcel of real property in the city of Oakland, California.

The plaintiff, Florence A. Wight, was abandoned by her parents in her infancy, and was adopted by Mintie E. Frisbie (then Mintie Christian). Mintie Christian was divorced from her husband, Fred H. Christian, in 1913, and as a property settlement received the land involved herein, which had on it a three-story frame residence, with two stores on the lower floor. Soon after acquiring it, she executed the following document in her own handwriting:

"Aug. 15, 1913.

"Oakland, Calif. (1423 Grove St.)

"I hereby solemnly promise and pledge myself to neither sell, mortgage or transfer the said property situated or located on Market St., Oakland, Calif., between 15th and 16th street, known as 1528–32 Market St.; or let it pass out of my name with my consent to any one excepting my daughter Florence A. Christian; it being held in trust by me for her until she and I agree on a time for the transfer to her. In case of her death before she reaches the age of 21 years or a transfer is made, the property shall revert to me and in turn go to my heirs. In case I shall die first or before she does and in case she be not of legal age; then I desire that the Central Bank of Oakland, Calif., shall carry on the trust until the time arrives when the property shall be turned over to her; at no time do I want Hettie White (also known as Mrs. M. T. White) or any of her family to handle this trust; this property is for the sole benefit of my daughter, Florence A. Christian. Hettie White above mentioned cancelled all her rights to said Florence A. Christian at the time she was 8 mos. and 23 days old—by my adoption rights. My divorced husband (Fred H. Christian) I understand has made in writing a satisfactory settlement for our daughter's benefit and given it to Hettie White to keep; he also states he will join his settlement to this one of mine for the benefit of Florence A. Christian.

"I give as a mother to her child.

"MINTIE CHRISTIAN

"(August 15th)                    1423 Grove Street,
"(    1913    )                    Oakland, Calif."

The above instrument was sent by Mintie Christian to her divorced husband assertedly for the purpose of his making

additional provision for plaintiff. None appears to have been made, and the instrument was returned to Mintie Christian. It seems to have remained among her papers thereafter, although she was not always sure where it was, and it was eventually found in an old trunk.

Some years after her divorce, Mrs. Christian married her present husband, George M. Frisbie. They engaged in a business which did not prosper, and on May 21, 1930, while insolvent, Mrs. Frisbie executed a deed of the property to plaintiff, who at this time was of the age of majority and married. On August 8, 1930, Mrs. Frisbie and George Frisbie were adjudged bankrupt, and on September 25, 1930, defendant E. C. Street was appointed trustee in bankruptcy of their estates. He claimed the Oakland property as part of the bankrupt estate of Mrs. Frisbie, contending that the deed to plaintiff was in fraud of creditors and therefore void. He brought a summary proceeding in the Federal District Court to recover it from the plaintiff, and the Circuit Court of Appeals held that the bankruptcy court was without jurisdiction of the merits in such a summary proceeding against a stranger. (*Wight* v. *Street*, 63 Fed. (2d) 80.) Thereafter plaintiff brought this action to quiet title, and the trustee in bankruptcy set up the defense that the deed to her was a fraudulent conveyance, in violation of our statute (Civ. Code, sec. 3442) and also section 67e of the National Bankruptcy Act. The lower court gave judgment for plaintiff, quieting her title to the property, and the defendant trustee appealed.

The undisputed facts show that at the time of the deed to plaintiff, Mrs. Frisbie was insolvent, and that no consideration was given for the transfer. If that were the only transaction involved, the conveyance would undoubtedly be fraudulent, regardless of intent of the grantor. (Civ. Code, sec. 3442; *Wright* v. *Salzberger*, 121 Cal. App. 639 [9 Pac. (2d) 860].) But the instrument of 1913 was executed at a time when Mrs. Frisbie was solvent, and if by that instrument a valid express trust was created, the subsequent conveyance of the property in accordance with the terms of the trust instrument cannot be deemed a fraudulent transfer.

The important question is, then, whether there was a valid trust. Appellant argues that it is too indefinite to be enforceable in that it fails to specify the duration of the trust,

or the time when the property is to go to the beneficiary; and that it is likewise uncertain as to the nature of the beneficiary's interest, the manner of execution of the trust, the management and use of the property and the disposition of the income. ■ It is further argued that Mrs. Frisbie, the alleged trustor, never intended to part with the beneficial interest in the property. Defendant points out that she used it in her own business for years without paying or accounting for rent to plaintiff, that she listed it as an asset of her own in financial statements given to the Central National Bank of Oakland on two occasions, and that the property stood of record in her own name during all the years prior to the 1930 deed.

The above evidence is no doubt entitled to weight on the issue of the trust intent, but there is substantial evidence to establish a genuine intent on the part of Mrs. Frisbie to hold the property as trustee for the plaintiff. That intent is clearly stated in the document itself; it is testified to by Mrs. Frisbie in the court below; ■ and plaintiff also produced two witnesses who testified to oral declarations by Mrs. Frisbie in 1922 or 1923, to the effect that the property was not hers but belonged to her adopted daughter. These declarations went in over objection of the defendant, but they seem proper as admissions. Similar declarations were admitted in the case of *McRae* v. *McRae*, 67 Cal. App. 480 [227 Pac. 433]. (See, also, *Stoehr* v. *Miller*, 296 Fed. 414, 423.) But irrespective of these declarations and the testimony, the instrument itself sufficiently discloses a trust intent, despite the informality of its language. No particular terminology is requisite to create a trust. (*Taber* v. *Bailey*, 22 Cal. App. 617 [135 Pac. 975]; *Estate of Ingram*, 104 Cal. App. 1 [285 Pac. 365]; *Estate of Shaw*, 198 Cal. 352 [246 Pac. 48].)

■ We are satisfied, also, that the trust purpose is not too uncertain. Defendant relies upon *Wittfield* v. *Forster*, 124 Cal. 418 [57 Pac. 219], where a conveyance of the grantor's property to a trustee in trust for a lodge was held invalid for lack of a declared purpose. On the other hand, in *Lynch* v. *Rooney*, 112 Cal. 279 [44 Pac. 565], a letter in which the writer, referring to the beneficiary, "resolved that he should have half the estate", was held to create a trust, the purpose being to acknowledge an un-

divided interest in fee in the beneficiary. Many other decisions have sustained such informal declarations of trust. (See *Taber* v. *Bailey, supra; Sinclair* v. *Purdy*, 235 N. Y. 245 [139 N. E. 255].) It is true that the instrument before us does not fix a time for the transfer of the legal title to the beneficiary; but it would seem clear that upon reaching her majority, plaintiff could have procured such transfer, either on the theory that this was the approximate time set for the conveyance, or that she was *sui juris* and entitled to have the trust terminated and the *corpus* given to her. (See *Moor* v. *Vawter*, 84 Cal. App. 678, 679 [258 Pac. 622]; *Eakle* v. *Ingram*, 142 Cal. 15 [75 Pac. 566, 100 Am. St. Rep. 99].) The record shows that Mrs. Frisbie offered to convey to plaintiff on several occasions, and that she did so finally in 1930, in accordance with the provisions of the instrument.

Defendant also questions the legality of the trust purpose. The instrument was executed before the repeal of section 857 of the Civil Code, and hence its purposes were limited by the statute; but it was executed after the effective date of the amendment of 1913, which added subdivision 5 to section 857, and the trust may be considered one to convey property, a purpose made legal by that amendment.

We are of the opinion that the trial court was justified in its conclusion that a valid express trust was created by the instrument executed by Mrs. Frisbie in 1913, and that in subsequently transferring the legal title to the beneficiary under the trust, she did not convey property in fraud of her creditors.

The judgment is affirmed.

Thompson, J., Shenk, J., Preston, J., Curtis, J., Seawell, J., and Waste, C. J., concurred.