## URQUHART et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9793.

Circuit Court of Appeals, Ninth Circuit.

Feb. 17, 1942.

Rehearing Denied March 18, 1942.

Rosenshine, Hoffman, Davis & Martin, Albert A. Rosenshine, Elbert W. Davis, and Walter Shelton, all of San Francisco, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch, Joseph M. Jones, and Harry Marselli, Sp. Assts. to Atty. Gen., for respondent.

Before MATHEWS, HANEY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Petition to review the decision of the United States Board of Tax Appeals determining deficiencies in petitioner taxpayers' income tax for the years 1935 and 1936.

Taxpayers are the testamentary trustees of a trust created by the will of E. H. Edwards, deceased. In computing their income taxes for the years involved, they took a deduction for certain payments which they had made to the Bank of California National Association, another trustee under the will, on the theory that they were · distributions to a beneficiary

within the meaning of Section 162 of the Revenue Act of 1934[1], c. 277, 48 Stat. 680, 26 U.S.C.A. Int.Rev.Code, § 162. The deficiency found by the Board arises from a disallowance of the deductions.

The pertinent provisions of the decree of distribution[2] setting up the terms of the trust may be summarized as follows: "Unless sooner terminated, these trusts and this trust estate" shall continue until George Sterling Edwards becomes thirty years of age, when "the corpus or principal of said trust estate" is to be divided in half, and one-half vests in him and the other half is to continue in trust for Cynthia Ann Edwards. If she dies without issue prior to that time "then the other remaining half of said trust estate, that is, said entire trust shall" go to George; and if he dies without issue prior to that time his half is to continue in the trust estate "and be held for and distributed to the remaining beneficiaries as herein decreed".

The decree further provided: "That it is the purpose and intention of this decree that the two branches represented by George Sterling Edwards and Cynthia Ann Edwards shall take and share said trust estate equally and that if either of said branches shall have become extinct before taking, the same shall go to and vest in the other and that George Sterling Edwards shall take his half or the whole thereof in the event of the prior death of Cynthia Ann Edwards without surviving issue when he shall have attained the age of thirty (30) years, and the surviving issue of Cynthia Ann Edwards shall take the other half thereof upon her death or the whole thereof if George Sterling Edwards shall have died without surviving issue born in lawful wedlock prior to attaining the age of thirty (30) years."

There is a provision that "the net income of said trust estate shall go and be paid to George Sterling Edwards and Cynthia Ann Edwards, share and share alike and in the event of the death of either of them, his or her share thereof shall go and be payable to his issue born in lawful wedlock, or her issue, share and share alike by right of representation and not individually; and in the event of the death of George Sterling Edwards or Cynthia Ann Edwards during the term of these trusts without issue of lawful wedlock surviving him or issue surviving her, then his or her share of said net income shall go and be payable to the survivor of them."

The decree continued: "That it is the purpose and intention of this decree that the two beneficial shares of this trust estate represented by George Sterling Edwards and Cynthia Ann Edwards shall share equally in the net income thereof so long as both beneficial shares are extant; and further that if one of said beneficial shares or branches should become extinct, the income thereof shall go to the other by right of representation and not individually, and that no descendant shall take while his or her ancestor shall be living."

The trustees were "authorized and empowered to accumulate" all the share of each of the named beneficiaries in excess of $200 per month, and it is provided that the accumulations of income for George Sterling Edwards shall be paid and delivered to him when he shall have attained the age of thirty years, and that Cynthia Ann Edwards' accumulated in-

---

[1] Section 162 provides:

"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that * * *

"(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries * * * but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. * * *

"(c) * * * in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary."

[2] It is the decree of distribution to which we must look for the terms of the trust. Moor v. Vawter, 84 Cal.App. 678, 258 P. 622; Shipley v. Jordan, 206 Cal. 439, 274 P. 745.

come shall be paid to her when she shall have reached the age of 21 years or shall have married in the meantime.

With respect to this accumulated income it is provided that: "said trustees shall hold, invest, control and manage said share or shares of said accumulated net income, if any, in the like and same manner as if the same were a part of the principal of this trust estate and pay the same to said George Sterling Edwards on his 30th birthday, and said Cynthia Ann Edwards when she shall have attained her majority or when she shall have married if prior to attaining the age of 21 years; or to their successors in interest if they should be entitled to take * * *".

The petitioner taxpayers were named trustees of certain shares of capital stock owned by the decedent, and the Bank of California National Association was named trustee of "all the rest, residue and remainder of the trust estate".

During the tax years in question, the taxpayers as trustees of the stock received dividends thereon. After payment of various allowable expenses they paid in the year 1935 to George Sterling Edwards $20,-600 and to Cynthia Ann Edwards $45,-800.[3] They paid to the Bank of California as trustee the sum of $30,000 for accumulation for George S. Edwards. In 1936 taxpayers as trustees of the stock paid to George Sterling Edwards $32,-475.56; to Cynthia Ann Edwards $67,475.-55, and to the Bank of California for accumulation for George Sterling Edwards $35,000.

The payments to the Bank of California for accumulation for George Sterling Edwards, in the amounts of $30,000 and $35,-000 respectively are the payments for which the taxpayers claimed deductions, and with which we are here concerned.

The theory of the taxpayers is that the testator by the trust above outlined created two trusts, one for the capital stock and one for the accumulation of income; that when the taxpayers as trustees of the first trust paid the income to the second trustee they "distributed" the same to a beneficiary within the meaning of the Act.

The Commissioner, on the other hand, contends, and the Board held, that only one trust was created, committed to the care of collective trustees. It is argued alternatively that even though there were two trusts, still any "distribution" that was made was not made to a "beneficiary" within the meaning of the Act. Of course, if there was only one trust, there was no "distribution" at all, and the second point becomes unnecessary to decide.

In Lynchburg Trust & Savings Bank v. Commissioner, 4 Cir., 1934, 68 F.2d 356, certiorari denied Helvering v. Lynchburg Trust & Savings Bank, 292 U.S. 640, 54 S.Ct. 773, 78 L.Ed. 1492, which is the chief reliance of the taxpayers in this connection, the will creating the testamentary trust provided that the income in question was to be paid over to the grandchildren as it was earned, with a further provision that the trustees were authorized to invest part of such income for said grandchildren. There was a specific provision that the accumulated income might be used in the improvement of the property of the grandchildren. The Court in construing the will found it to provide that the accumulated income was no longer held in trust for the purposes set out in the will in regard to the residue. In reaching this construction the Court was impressed with the provision of the will above referred to which empowered the trustees to invest the income in the improvement of the property of the grandchildren, saying, at page 361 of 68 F.2d: "This expression would have no meaning if applied to unidentified shares of the grandchildren in the common fund constituting the residue of the estate. It must have referred either to property of the grandchildren outside of the estate (as to the existence of which the record is silent), or to the retained portions of the income as invested by the trustees."

The Court also called attention to the fact that there was no express provision in the will for the final distribution of the accumulated income. The provisions relating to distribution applied only to the corpus of the residue and the income accruing thereon between quarterly payments. In these circumstances, the income accumulated for the grandchildren, although intended to be withheld from them for a period of time specified, still vested

---

[3] Before the years in question Cynthia Ann Edwards had attained the age of majority, therefore the provisions in the trust regarding accumulations of income for her were no longer applicable. There is no question in this appeal concerning payments of income to her.

in the grandchildren as their individual property, free from the terms of the trust.

Likewise in Willcuts v. Ordway, 8 Cir., 1927, 19 F.2d 917, the trust provided for accumulation of income for minor beneficiaries, with no provision which indicated that it was the testator's intent that the income so accumulated should be subject to the terms of the trust. On the contrary the trust directed the trustees to keep separate books covering the cumulative profit of the minor beneficiaries. The Court held that when the income was allotted to the respective minor beneficiaries, it no longer formed a part of the trust.

Under the facts of these cited cases it is clear that it was the intent of the respective testators that the income as accumulated should belong to the beneficiaries absolutely, subject only to the delayed possession and enjoyment thereof.

Let us examine the trust involved in this appeal in the light of the cited cases. It is true that the trustees are directed to pay the income to the son and daughter of the decedent, which standing alone might indicate that these beneficiaries were intended to have a vested interest in this income as earned. However, the testator added a provision giving the trustees discretion to accumulate a portion of the income, and then provided that this accumulated income should be held by the trustees "in the like and same manner as if the same were a part of the principal of this trust estate". Then to make it clear that it was his intent that the accumulation should be distributed in the same manner as the corpus of the trust, the testator provided that it should be paid to George Sterling Edwards on his 30th birthday and Cynthia Ann Edwards when she shall have attained her majority or when she shall have married prior to attaining that age, "or to their successors in interest if they should be entitled to take". These "successors in interest" are identified in the remaining portions of the trust and above referred to.

It thus appears that by the trust provisions, George Sterling Edwards has no dominion over the income accumulated for his benefit, nor does he have any testamentary right over it unless and until he attains the age of thirty years; instead in case of his death before his thirtieth birthday it would go in the same manner as the corpus of the trust estate, that is, to his lawful issue if any, or if none then to his sister. It cannot be said therefore that George Sterling Edwards has a present vested interest in the accumulations, as was a fact in the Lynchburg and Willcuts cases, supra. The cited cases are therefore inapplicable.

We find no error in the Board's decision that it was the testator's intent to create one trust, (See 1 Bogert on "Trusts and Trustees" § 122, p. 372; State Savings Loan & Trust Co. v. Commissioner, 7 Cir., 1933, 63 F.2d 482,) in the care of collective trustees for the benefit of his children. There being only one trust, there was no "distribution" in the transfer of funds from the taxpayer trustees to the Bank trustee, and hence no deduction was allowable.

Affirmed.